IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRYAN GENE BERRYMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:10CV280 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Bryan Gene Berryman, an inmate confined at the Mark Stiles Unit, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed with prejudice as time-barred.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner argues that his state application for writ of habeas corpus, filed August 10, 2009, was a properly filed petition and, therefore, should serve to statutorily toll the limitations period.[1] As addressed in the magistrate judge's Report and Recommendation, petitioner's state application for writ of habeas corpus was filed over two years past the April 28, 2007, one-year period of limitations. It is well settled that a document, filed in state court after the statute of limitations has expired, does not operate to statutorily toll the limitations period. *See Scott v.*

---

[1] Petitioner's assertion that he was indicted for sexual assault of a child, rather than aggravated sexual assault of a child, is correct but immaterial as to whether petitioner's federal application for writ of habeas corpus is time-barred.

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). After careful consideration, the court concludes petitioner's objections are without merit and the petition is barred by the statute of limitations.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that the issue of whether his federal petition is time-barred or the issues raised by his claims are subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. A certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **20** day of **August, 2010.**

2

Ron Clark, United States District Judge